THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Edward Whitley (a/k/a | ) | |
| "Ed Whitley"), | ) | Case No. 10-10426C-7G |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Charles M. Ivey, III, | ) | |
| Chapter 7 Trustee for the Estate | ) | |
| of James Edward Whitley | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charlotte Buchanan | ) | Adv. No. 11-2022 |
| | ) | |
| John R. Buchanan | ) | Adv. No. 11-2023 |
| | ) | |
| Joseph E. Mason | ) | Adv. No. 11-2029 |
| | ) | |
| Mary Sue Smith | ) | Adv. No. 11-2034 |
| | ) | |
| Timothy Smith | ) | Adv. No. 11-2035 |
| | ) | |
| Faye Swofford | ) | Adv. No. 11-2038 |
| | ) | |
| Robert P. Swofford | ) | Adv. No. 11-2039 |
| | ) | |
| Andrew Tyson | ) | Adv. No. 11-2042 |
| | ) | |
| Lucian Vick | ) | Adv. No. 11-2043 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

On February 21, 2012, the court entered an order instructing the parties to either file a written consent to the court's authority to enter final judgment on the claims asserted in this proceeding, or file briefs outlining their respective positions as

to whether and how the Supreme Court's ruling in <u>Stern v. Marshall</u>, 564 U.S. --, 131 S. Ct. 2594 (2011), affects this court's authority to enter final judgment. The Defendants have filed briefs in which they argue that this court may not enter a final judgment in this proceeding. The court held a hearing on these matters on April 3, 2012, in Greensboro, North Carolina. This opinion sets forth the conclusions reached by the court regarding the effect of the decision in <u>Stern v. Marshall</u>. The Defendants in each of the above-captioned proceedings filed a proof of claim and these proceedings all involve the same types of claims by the Plaintiff; therefore, the court is issuing this consolidated memorandum opinion for entry in each of these proceedings, along with a separate order in each proceeding.

## BACKGROUND

James Edward Whitley (the "Debtor") was the sole shareholder and principal officer of South Wynd Financial, Inc., a corporation purportedly in the business of invoice funding and receivables financing ("factoring"). In reality, the Debtor's factoring business was non-existent, fictitious, and amounted to a Ponzi scheme. On March 8, 2010, a group of unsecured creditors filed an involuntary petition against the Debtor. Charles Ivey (the "Plaintiff") was appointed as Trustee and subsequently commenced adversary proceedings against some of the investors in the Debtor's investment scheme, including the Defendants in the above-captioned

proceedings.

## MATTER BEFORE THE COURT

The Plaintiff asserts fraudulent transfer claims against the Defendants pursuant to 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 544 through N. C. Gen. Stat. § 39-23.1 to avoid transfers made by the Debtor to the Defendants. The court is called upon to determine, pursuant to Stern, whether it may enter a final judgment as to the fraudulent transfer claims asserted by the Plaintiff.

## DISCUSSION

Under the test formulated by the Supreme Court in Stern v. Marshall the court may enter final judgment in a core proceeding where "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." Stern, 131 S. Ct. at 2618. Where a defendant has filed a proof of claim, a fraudulent transfer action brought under either section 548 or section 544 becomes a part of the process of allowance and disallowance of claims. See Langenkamp v. Culp, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against the bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims' . . . If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process. . . . In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship.") (internal

- 3 -

quotation omitted); see also Burns v. Dennis, et al., No. B-09-52606 C-7W, at *15-17 (Bankr. M.D.N.C. March 27, 2012); In re First Ams. Ins. Serv., Inc., 2012 WL 171583, at *3 (Bankr. D. Neb. Jan. 20, 2012) ("Here, the defendant has filed a proof of claim in the First Americans case and has therefore brought himself within the court's jurisdiction, because the resolution of the trustee's [fraudulent conveyance] causes of action are a necessary part of the claims resolution process."); In re Coated Sales, Inc.,119 B.R. 452, 455 (Bankr. S.D.N.Y. 1990) ("As Granfinanciera makes clear, by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims. Concomitantly, when the claimant invokes the equitable jurisdiction of the bankruptcy court to establish its right to participate in distribution, it cannot, thereafter, object to the court's necessary determination of any misappropriations by the claimant.") (citations omitted).

The fraudulent transfer claims asserted against the Defendants are core proceedings under 28 U.S.C. § 157(b)(2)(H), and each of the Defendants filed a proof of claim for monies loaned. The court therefore may enter final judgment on the Plaintiff's claims because it is necessary to decide the fraudulent transfer claims in order to allow or disallow the Defendants' proofs of claim.

This opinion constitutes the court's findings of fact and conclusions of law. Separate orders shall be entered pursuant to

Fed. R. Bankr. P. 9021.

This 12th day of April, 2012.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

## PARTIES IN INTEREST

Edwin R. Gatton, Esq.
P.O. Box 3324
Greensboro, NC 27402

Sarah F. Sparrow, Esq.
P.O. Box 2888
Greensboro, NC 27402

A. Scott McKellar, Esq.
P.O. Box 7100
Rocky Mount, NC 27804-0100